UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:14CV-00021-JHM

GREGORY BOWMAN                                                     PLAINTIFF

V.

DARRELL BAGGETT
CROP PRODUCTION SERVICES, INC.                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Remand by Greg Bowman ("Plaintiff") pursuant to 28 U.S.C. § 1447(c). Fully briefed, the matter is ripe for decision. For the reasons that follow, Plaintiff's motion is **GRANTED**.

### I. BACKGROUND

On January 23, 2014, Plaintiff filed this action in McLean Circuit Court against Defendants, Darrell Baggett ("Baggett"), and Crop Production Services, Inc. ("CPS"). According to the complaint, while traveling on Highway 85, through Sacramento, Kentucky, the Plaintiff was involved in an accident with Baggett who was operating farm equipment owned by his employer, CPS. The complaint alleges that the accident was caused by Baggett's negligence. The complaint also alleges that Baggett was, at all relevant times, an employee, agent servant or representative of CPS, for purposes of vicarious liability.

The case was subsequently removed from the McLean Circuit Court by Defendants on the theory that the Baggett was fraudulently joined in the complaint. Specifically, Defendants argue that no negligence claim is asserted against Baggett individually. Plaintiff now asks the Court to remand the case to McLean Circuit Court.

## II. STANDARD

The burden is on the Defendants to show fraudulent joinder, and as with any dispute over removal, all doubts are resolved in favor of remand. Brierly v. Alusuisse Flexible Packaging Inc., 184 F.3d 527, 534 (6th Cir. 1999); Alexander v. Electric Data Sys. Corp., 16 F.3d 940, 949 (6th Cir. 1994). "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999). "Therefore the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." Probus v. Charter Commc'ns, LLC, 234 Fed. Appx. 404, 406–07 (6th Cir. 2007) (citation omitted). Phrased differently, a non-diverse defendant is not fraudulently joined if, "[T]here is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court." Coyne, 188 F.3d at 493.

Some courts have found that this standard is higher than the standard for succeeding on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) insofar as, "[T]he benefit of the doubt given a plaintiff as part of the fraudulent joinder inquiry should be more deferential." Melton v. Merck & Co., Inc., 2006 WL 1543036, *2 (E.D. Ky. June 1, 2006) (quoting Little v. Purdue Pharma, L.P., 227 F.Supp.2d 838, 846 (S.D. Ohio 2002); *see also* Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Batoff v. State Farm Ins. Co., 977 F.2d 848 (3d Cir. 1992). Nevertheless, a court may to some extent look beyond the bare allegations of a complaint and conduct a more searching inquiry to confirm the existence of a colorable claim. Appel v. PACCAR, Inc., 2006 WL 2873434, *1 (W.D. Ky. Oct. 4, 2006).

**III. DISCUSSION**

Kentucky law permits employees to be sued personally for negligence in the course and scope of their employment. Enos v. Kentucky Distilleries & Warehouse, 189 F. 342 (6th Cir. 1911); Carr v. Barnett, 580 S.W.2d 237 (Ky. App. 1979). The court in Carr stated, "[A]n agent is personally liable for his own tortuous acts even though performed within the scope of his employment and under conditions which impose liability upon the principal also." Carr, 580 S.W.2d at 240. In Enos, the Sixth Circuit held that non-diverse employee defendants and the corporation they worked for could both be sued because settled Kentucky law stated, "[T]he servant whose negligent act creates the liability of the corporation may, as a matter of right be joined as defendant with the corporation." Enos, 189 F. at 346. Thus, under Kentucky law, there is a colorable claim which could be asserted against Baggett.

The only dispute here is whether the Complaint states a separate claim against Baggett. Defendants argue that the complaint only states a claim against Baggett in his official capacity as an employee, agent, servant of CPS. In other words, according to Defendants reading of the complaint, despite the fact that Kentucky law provides the Plaintiff a viable cause of action against both the employee driver and the employer, the Plaintiff chose to limit his claim to only one based on the vicarious liability of the CPS. Defendants cite to Current v. Merrill Lynch, 2009 WL 530766, *5 (W.D. Ky. March 3, 2009), a decision by another district court within this jurisdiction in support of their position. After a review of Defendant's authority and argument, the Court finds that the Plaintiff's complaint should not be construed so narrowly.

In Maty v. Grasselli Chemical Co., Justice Black wrote, "[P]leadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should

not raise barriers which prevent the achievement of that end." Maty v. Grasselli Chemical Co., 303 U.S. 197, 201 (1938). Federal Rule of Civil Procedure 8(e) specifies, "Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Furthermore, a court should construe pleadings, "[L]iberally in order to prevent errors in draftsmanship from barring justice to litigants." Carter v. Ford Motor Co., 561 F.3d 562, 566 (6th Cir. 2009) (quoting Ritchie v. United Mine Workers of Am., 410 F.2d 827, 833 (6th Cir. 1969)).

In the case at hand, it is evident that the Plaintiff did not intend to limit his action to one vicariously liability claim against CPS. First, the complaint names two Defendants—not just one. The first line of the complaint states "[c]omes Plaintiff, Gregory Bowman, by and through counsel, and for his cause of action against the Defendants, Darrell R. Baggett and Crop Production Services, Inc." The clear intent is to state a claim against both named Defendants. The complaint describes the alleged negligent conduct of the driver Baggett. It then states that the Plaintiff suffered damages as a result of the negligent actions of the Defendants---plural. In Hart v. Fifth Third Bank, Inc., the court stated "[U]se of the phrase "Defendants" naturally incorporated all defendants into the allegations made by the plaintiffs . . . Plaintiffs identified Gifford as one of the defendants involved in this case. All further allegations against "Defendants," therefore, incorporate allegations against Gifford." Hart v. Fifth Third Bank, Inc., 2009 WL 3171950, at *2 (W.D. Ky. Sept. 28, 2009). In the sole count of the state court complaint, the Plaintiff, after establishing Baggett and CPS both as defendants, consistently used the term "Defendants" throughout the complaint. This language is indicative that the Plaintiff intended to bring suit against both Baggett and CPS.

The fact that Plaintiff also asserted an allegation of vicariously liability against CPS does not alter the Court's conclusion. Kentucky law provides a potential claim against both the

employee and the employer in this instance. Plaintiff's allegation regarding Baggett's status as an employee of CPS merely shows an intent on Plaintiff's part to also assert a vicarious liability claim against CPS.

## IV. CONCLUSION

For the reasons stated hereinabove and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Plaintiff's Motion to Remand this action to state court is **GRANTED**.

**Joseph H. McKinley, Jr., Chief Judge**
United States District Court

June 17, 2014

Copies to:  Counsel of record
            McClean Circuit Court